# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40484

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2013

Lyle W. Cayce
Clerk

RUBEN SOLIS ANDERSON,

Plaintiff-Appellant

v.

JAMES BURGESS, Lieutenant at Telford; JASON SMITH, Lieutenant at Telford; RICKY LEAKES, Lieutenant at Telford; NORRIS JORDAN, Lieutenant at Telford; CHARLES LAFAYETTE, Lieutenant at Telford Unit; CHARLES HOWARD, Lieutenant at Telford Unit; NATHAN JORDAN,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:12-CV-50

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Ruben Solis Anderson, Texas prisoner # 596151, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief may be granted.  Anderson's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

117 F.3d 197, 202 (5th Cir. 1997).  This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Anderson argues that the district court erred in dismissing his § 1983 complaint, denying his motion under Rule 59(e) of the Federal Rules of Civil Procedure, and denying an unspecified motion for leave to amend his complaint.  However, Anderson has not adequately addressed the district court's reasons for dismissing his complaint or for denying the motions.  By failing to identify any error in the district court's analysis, Anderson has abandoned any challenges he might have raised regarding the district court's decisions.  *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Accordingly, Anderson's appeal is without arguable merit and is frivolous.  *See Howard*, 707 F.2d at 219-20.  The IFP motion is DENIED, and the appeal is DISMISSED.  *See Baugh*, 117 F.3d at 202; 5TH CIR. R. 42.2. Anderson's motion for leave to amend and motion for a default judgment are likewise DENIED.

The district court's dismissal of the complaint for failure to state a claim and our dismissal of the appeal as frivolous count as "strikes" for purposes of the "three strikes" bar under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Anderson is WARNED that if he accumulates at least three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

No. 13-40484

IFP MOTION DENIED; APPEAL DISMISSED; MOTIONS FOR LEAVE TO AMEND COMPLAINT AND FOR DEFAULT JUDGMENT DENIED; SANCTION WARNING ISSUED.